IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LUCILLE DIMARCO, individually as surviving spouse of Angelo DiMarco, deceased, and as executor of the Estate of Angelo DiMarco,

    Plaintiff,

v.

KB BRUNSWICK HOTEL LLC,

    Defendant.

CIVIL ACTION NO.: 4:22-cv-278

**O R D E R**

This matter is before the Court on Plaintiff's Motion for Remand, (doc. 8), as well as Plaintiff and Defendant's later-filed "Joint Stipulation to Remand Action to State Court," (doc. 9). For the reasons outlined below, the Court **GRANTS** the Motion for Remand, (doc. 8), and **REMANDS** this case to the State Court of Chatham County, Georgia.

In this lawsuit, Plaintiff seeks to recover damages from Defendant KB Brunswick Hotel LLC for injuries allegedly suffered by her spouse when he slipped and fell at Defendant's hotel, which injuries she claims ultimately caused his death. (Doc. 1-1.) Plaintiff initiated the action by filing a Complaint in the State Court of Chatham County on September 23, 2022. (Id.) In the Complaint, Plaintiff alleged that she was a resident of Connecticut and that her decedent was, prior to his death, also a resident of Connecticut. (Id. at p. 3.) She also alleged that Defendant is a "Domestic Limited Liability Company existing under the laws of Georgia, with its principal place of business in Brunswick, Georgia." (Id. at pp. 2–3.)

Defendant removed the case to this Court on November 18, 2022, purportedly on the basis of diversity jurisdiction. (Doc. 1, p. 2.) Under 28 U.S.C. § 1332, a federal court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the suit is between "citizens of different states." In its Notice of Removal, Defendant emphasized that Plaintiff is claiming that Defendant caused her decedent's death and thus the amount in controversy must be in excess of $75,000. As for citizenship of the parties, Defendant first pointed to Plaintiff's own assertion, in her Complaint, that she was a resident of Connecticut. (Id. at p. 3.) With regard to its own citizenship, notwithstanding the fact that its name features the abbreviation "LLC," Defendant described itself as "a Georgia *corporation* with its principal place of business in Georgia."[1] (Id. (emphasis added).) Thus, Defendant concluded, diversity of citizenship existed.

On December 7, 2022, Plaintiff filed her Motion to Remand. (Doc. 8.) Plaintiff claims that the case must be remanded to the state court because, even assuming there is diversity of citizenship between the parties, Defendant is a citizen of Georgia and thus its presence violates the so-called "forum-defendant rule." (Id.) Pursuant to that rule, "a state-court action that is otherwise removable to federal court solely on the basis of diversity of citizenship is not removable if any of the 'parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" Goodwin v. Reynolds, 757 F.3d 1216, 1218 (11th Cir. 2014) (quoting 28 U.S.C. § 1441(b)) (emphasis omitted). Plaintiff claims that "Defendant is a registered domestic corporation of the forum state (Georgia) where the action was brought, which should preclude

---

[1] Further confusing matters, Defendant cited only to the Complaint to support this assertion that it is a corporation. (Doc. 1, p. 3 (citing "Complaint, ¶ 2").) The Complaint, however, alleged that Defendant is a limited liability company, (doc. 1-1, p. 2), an allegation that Defendant explicitly admitted in its Answer to the Complaint, (doc. 6, p. 3 ("In response to Paragraph 2, Defendant admits that it is a Georgia Limited Liability Company . . . .")).

removal to this Court, in accordance with the dictates of 28 U.S.C. § 1441(b)(2)." (Id. at p. 1.) In support of her claim that Defendant is a registered domestic corporation in Georgia and thus is a citizen of Georgia, Plaintiff directs the Court to consider "Exhibit B" to her Motion to Remand, which she describes as containing a copy of "Defendant's Corporate Registration." (Id. at p. 3.) The Court has reviewed the docket, however, and has not been able to locate this exhibit.

Two weeks after Plaintiff filed her Motion to remand, the parties filed a "Joint Stipulation to Remand Action to State Court." (Doc. 9.) Therein, they apparently abandon their previous contentions that Defendant is a corporation, and now state that "Defendant is a Limited Liability Company," and that, "while five of Defendant's members are citizens of other states, one of its members is a citizen of Georgia." (Id. at p. 2.) Accordingly, they claim, the forum-defendant rule barred the removal of this case to federal court on the basis of diversity jurisdiction and they "agree and stipulate that this action should be remanded" to the state court. (Id.)

While the parties indicate that they both consent to remand, the Court's power to remand based merely upon such consent is suspect. See Mitchell & Shapiro LLP v. Marriott Int'l, Inc., No. 1:0-CV-1180-JTC, 2008 WL 11337750, at *1 (N.D. Ga. May 28, 2008), *vacated on reconsideration on other grounds*, 2008 WL 11337749 (N.D. Ga. June 20, 2008); see also Elliott v. Bonefish Grill, LLC, No. 5:18-cv-46(CAR), 2018 WL 1083472, at *1 (M.D. Ga. Feb. 28, 2018). Accordingly, in these situations, the Court cannot simply thoughtlessly rubberstamp the parties' proposed order remanding their case. Nonetheless, a "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005). Accordingly, the Court will examine whether it has jurisdiction or whether, instead, the case must be remanded.

In the present case, Plaintiff has not asserted a claim for relief under federal law. (See doc. 1-1.) Thus, the only basis for jurisdiction in this Court would be diversity jurisdiction. Here, it is

undisputed that Plaintiff is considered a citizen of Connecticut.  See Moore v. N. Am. Sports, Inc., 623 F.3d 1325, 1327 n.2 (11th Cir. 2010) (Where an estate is a party, the citizenship that counts for diversity purposes is that of the decedent.).  As for Defendant, however, things are less clear.  While Defendant has previously described itself as a corporation, it appears from the parties' Joint Stipulation (as well as Defendant's name) that Defendant is a limited liability company ("LLC").  An LLC "is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  If a member of an LLC is itself an LLC, the citizenship of the LLC "must be traced through however many layers of partners or members there may be." Silver Crown Invs., 349 F. Supp. 3d at 1324.  The parties do not set forth the identities of the member(s) of Defendant, much less the citizenship of any specific member(s); the closest they come is the vague statement that, while five of Defendant's six members are citizens of other states, one member is a citizen of Georgia.

While the Court would prefer to have before it more authoritative and detailed evidence regarding Defendant's citizenship,[2] the Court accepts the parties' joint assertion—presented by

---

[2]  Bizarrely, the parties never acknowledge their repeatedly inconsistent and incomplete averments regarding Defendant's entity type and citizenship.  (See doc. 1-1, pp. 2–3 (Plaintiff's Complaint, which alleges that Defendant is an LLC, but does not allege the citizenship of its members and only alleges that it "exist[s] under the laws of Georgia" and has its "principal place of business" in Georgia, neither of which are relevant); doc. 1, p. 3 (Defendant's Notice of Removal, where it describes itself as "a Georgia corporation with its principal place of business in Georgia," which apparently was an inaccurate characterization and, therefore, still did not provide the relevant information for purposes of determining Defendant's citizenship); doc. 8, p. 3 (Plaintiff's Motion to Remand, which alleges that Defendant is a registered domestic corporation in Georgia and thus is a citizen of Georgia, which apparently was inaccurate and thus still did not provide the appropriate information for citizenship purposes); and doc. 9 (Joint Stipulation, where the parties finally both consistently assert that Defendant is an LLC).)  This sort of sloppy pleading requires the Court to spend time reviewing and analyzing the parties' filings with a more critical eye and thus places an undue burden on judicial resources.  This is particularly so where, as here, after offering so many inconsistent averments related to Defendant's citizenship, the parties do not ultimately provide the clear, simple, and conclusive proof that is readily available to them.  In the future—particularly in situations such as this one, where the parties have led the Court on a confusing and often inaccurate journey to determine a party's citizenship—the parties should provide an affidavit from one of the at-issue party's members (or someone with personal knowledge and the necessary authority) identifying each of the party's members (and any members of those members, as necessary) along with the relevant citizenship information.  Instead, here, after trudging through multiple inconsistent pleadings on this topic, the Court

their legal counsel—that Defendant is indeed an LLC that has at least one member that is a citizen of Georgia.[3] See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (requiring courts to strictly construe the requirements of removal jurisdiction) (citations omitted); Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (all doubts about jurisdiction should be resolved in favor of remand to state court); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal."). Even assuming there is diversity of citizenship between the parties, because Defendant is considered a citizen of Georgia, Defendant's removal of this case was prohibited by the forum-defendant rule and the Court must remand the case as improvidently removed.

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Remand. (Doc. 8.) Pursuant to 28 U.S.C. § 1447(c), this case is hereby **REMANDED** to the State Court of Chatham County, Georgia, for further proceedings. Following remand, the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 17th day of April, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

has essentially been told to trust the parties when they say, vaguely, that "one of [Defendant's] members" is a Georgia citizen, (see doc. 9, p. 2).

[3] The Court notes that—despite the parties' inconsistent and confusing pleading on the topic—it has not observed any reason to suspect that Defendant in fact cannot be considered a Georgia citizen.